RONALD J. TENPAS
Assistant Attorney General
RACHEL A. DOUGAN (DC Bar 485507)
S. JAY GOVINDAN
Trial Attorneys
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov
Jay.Govindan@usdoj.gov

Attorneys for Federal Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, ENVIRONMENTAL PROTECTION INFORMATION CENTER, CENTER FOR BIOLOGICAL DIVERSITY, WILD WEST INSTITUTE, GIFFORD PINCHOT TASK FORCE, IDAHO SPORTING CONGRESS, FRIENDS OF THE CLEARWATER, UTAH ENVIRONMENTAL CONGRESS, CASCADIA WILDLANDS PROJECT, KLAMATH SISKIYOU WILDLANDS CENTER, WILD SOUTH, THE LANDS COUNCIL, FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and OREGON WILD<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, and U.S. FOREST SERVICE,<br><br>    Defendants. | Case No. 08-cv-1927-CW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Case No. 08-cv-1927-CW
Ans. to Pls.' Am. Compl.

Defendants, through undersigned counsel, hereby answer the claims and allegations set forth in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief ("Complaint") dated April 23, 2008 (Docket No. 9).

The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiffs' Complaint.

## Introduction

1. The allegations set forth in Paragraph 1 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1.

2. The allegations set forth in Paragraph 2 contain Plaintiffs' characterization of their case to which no response is required.

## Jurisdiction

3. The allegations set forth in Paragraph 3 contain conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 3. Defendants deny that this Court has jurisdiction over this case.

## Venue and Intradistrict Assignment

4. The allegations set forth in the first and seventh sentences of Paragraph 4 contain conclusions of law, to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, third, or fourth sentences of Paragraph 4. Defendants admit the fifth sentence of Paragraph 4. Defendants deny the sixth sentence of Paragraph 4 except to admit that more than 1.5 million acres of National Forest System lands are located within the Northern District of California, including most of the Six Rivers National Forest.

## Parties

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

1    6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. Defendants admit that the Idaho Sporting Congress has previously commented on, appealed, and litigated decisions by the Forest Service. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12. In response to the allegations set forth in the third sentence of Paragraph 12, Defendants admit that approximately 63.8 percent of Utah is federal land.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

1    17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21.

22. The allegations set forth in Paragraph 22 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required.

23. The allegations set forth in Paragraph 23 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 23. Defendants deny that Plaintiffs have standing to bring this case.

24. Defendants deny the allegations set forth in Paragraph 24, except to admit that the Plaintiff organizations submitted comments during the public comment period held for the Draft Environmental Impact Statement for National Forest System Land Management Planning (August 2007) ("DEIS").

25. Defendants admit the allegations set forth in Paragraph 25.

26. Defendants admit the allegations set forth in Paragraph 26.

**Facts**

27. Defendants admit the allegations set forth in Paragraph 27, except to clarify that the National Forest System ("NFS") includes 193 million acres in 44 states, Puerto Rico, and the Virgin Islands.

Case No. 08-cv-1927-CW
Ans. to Pls.' Am. Compl.                    3

1    28.  Defendants admit the allegations set forth in the first sentence of Paragraph 28. Defendants deny the allegations set forth in the second sentence of Paragraph 28, except to admit that the NFS provides important habitat for many plant and animal species and that some of the NFS lands have been degraded.

29.  Defendants admit the first sentence of Paragraph 29. The remaining allegations set forth in Paragraph 29 contain Plaintiffs' characterization of Congressional testimony, which speaks for itself and is the best evidence of its contents.

30.  The allegations set forth in Paragraph 30 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required. Defendants aver that the National Forest Management Act ("NFMA") establishes a two-tier approach to forest planning. Defendants admit that pursuant to NFMA the Secretary of Agriculture is to promulgate national regulations to govern the development of plans for forest management.

31.  The allegations set forth in Paragraph 31 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required. Defendants admit that NFMA requires the preparation of land and resource management plans or land management plans that collectively cover the units of the National Forest System. Defendants further admit that the plans must comply with the applicable national planning regulations. Except as expressly admitted, Defendants deny the allegations set forth in Paragraph 31.

32.  The allegations set forth in Paragraph 32 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required. Defendants admit that site-specific project planning is undertaken in the development of on-the-ground actions.

33.  The allegations set forth in Paragraph 33 contain Plaintiffs' conclusions of law, to which no response is required.

34.  The allegations set forth in Paragraph 34 contain Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendants admit that the Secretary of Agriculture was required to appoint a Committee of Scientists regarding the

Case No. 08-cv-1927-CW
Ans. to Pls.' Am. Compl.                4

1   preparation of the first planning regulations under NFMA.  Defendants deny the remaining
2   allegations in the first sentence of Paragraph 34 to the extent they are meant to suggest that the
3   Secretary of Agriculture was required to appoint a Committee of Scientists for subsequent
4   planning regulations.

5         35.  Defendants admit the allegations set forth in the first sentence of Paragraph 35.  In
6   response to the allegations set forth in the second sentence of Paragraph 35, Defendants admit
7   that the 1979 Rule was accompanied by an environmental impact statement ("1979 EIS").  The
8   remaining allegations set forth in the second sentence of Paragraph 35 contain Plaintiffs'
9   characterization of the 1979 EIS, which speaks for itself and is the best evidence of its contents.

10        36.  Defendants admit that USDA promulgated NFMA regulations on September 30,
11  1982.  Defendants deny the remaining allegations in the first sentence of Paragraph 36.
12  Defendants aver that in connection with preparation of the 1982 rule, individuals who had been
13  members of the Committee of Scientists for the first, 1979 NFMA rule, were asked for
14  recommendations, and expressed their recommendations as a panel of individual consultants.
15  Defendants admit the second sentence of Paragraph 36.

16        37.  The allegations set forth in Paragraph 37 contain Plaintiffs' conclusions of law, to
17  which no response is required.

18        38.  The allegations set forth in Paragraph 38 contain Plaintiffs' conclusions of law, to
19  which no response is required.  Defendants deny the third sentence of Paragraph 38.

20        39.  The allegations set forth in Paragraph 39 contain Plaintiffs' conclusions of law, to
21  which no response is required.

22        40.  The allegations set forth in Paragraph 40 contain Plaintiffs' conclusions of law, to
23  which no response is required.

24        41.  The allegations set forth in Paragraph 41 contain Plaintiffs' conclusions of law, to
25  which no response is required.

26        42.  The allegations set forth in Paragraph 42 contain Plaintiffs' conclusions of law, to
27

1 | which no response is required.

2 | 43. The allegations set forth in Paragraph 43 contain Plaintiffs' conclusions of law, to
3 | which no response is required.

4 | 44. The allegations set forth in Paragraph 44 contain Plaintiffs' conclusions of law, to
5 | which no response is required.

6 | 45. The allegations set forth in Paragraph 45 contain Plaintiffs' conclusions of law, to
7 | which no response is required.

8 | 46. The allegations set forth in Paragraph 46 contain Plaintiffs' conclusions of law, to
9 | which no response is required.

10 | 47. The allegations set forth in Paragraph 47 contain Plaintiffs' conclusions of law, to
11 | which no response is required.

12 | 48. The allegations set forth in Paragraph 48 contain Plaintiffs' conclusions of law, to
13 | which no response is required.

14 | 49. Defendants admit the allegations set forth in Paragraph 49.

15 | 50. In response to the allegations set forth in Paragraph 50, Defendants admit that in
16 | June 1996, the Forest Service prepared a document that has been referred to as a biological
17 | assessment ("1996 BA"). The remaining allegations set forth in Paragraph 50 are Plaintiffs'
18 | characterization of the 1996 BA, which speaks for itself and is the best evidence of its contents.

19 | 51. Defendants admit the allegations set forth in Paragraph 51.

20 | 52. Defendants admit the allegations set forth in the first and third sentences of
21 | Paragraph 52. The allegations set forth in the second sentence of Paragraph 52 contain
22 | Plaintiffs' characterizations of the planning regulations proposed in 1999, which speak for
23 | themselves and are the best evidence of their contents.

24 | 53. The allegations set forth in Paragraph 53 contain Plaintiffs' characterizations of the
25 | 1982 rule and 2000 rule, which speak for themselves and are the best evidence of their contents,
26 | and which constitute conclusions of law to which no response is required.

27

Case No. 08-cv-1927-CW
Ans. to Pls.' Am. Compl.                6

1    54. Defendants admit the allegations set forth in the first, second, and third sentences of Paragraph 54.  The allegations set forth in the fourth sentence of Paragraph 54 contain Plaintiffs' conclusions of law, to which no response is required.  In response to the allegations set forth in the fifth sentence of Paragraph 54, Defendants admit that certain National Forests elected, under the 2000 planning rule, to continue preparing plan amendments and revisions using the procedures of the 1982 planning rule.  Defendants deny the remaining allegations set forth in the fifth sentence of Paragraph 54.

55. The allegations set forth in Paragraph 55 contain Plaintiffs' characterization of the opinion in <u>Citizens for Better Forestry v. USDA</u>, 341 F.3d 961 (9th Cir. 2003), which speaks for itself and is the best evidence of its contents.  Defendants deny that the Court ruled on the merits of the plaintiffs' claims in that case.

56. In response to the allegations set forth in Paragraph 56, Defendants admit that in September 2003, USDA issued an interim final rule.  The remaining allegations set forth in Paragraph 56 contain Plaintiffs' characterization of the interim final rule, which speaks for itself and is the best evidence of its contents.

57. Defendants admit the allegations set forth in the first sentence of Paragraph 57.  The remaining allegations set forth in Paragraph 57 contain Plaintiffs' characterizations of the September 29, 2004 interpretive rule, the 2000 rule, and the 1982 rule, which speak for themselves, are the best evidence of their contents, and which constitute conclusions of law to which no response is required.

58. The allegations set forth in Paragraph 58 contain Plaintiffs' characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents.

59. Defendants deny the allegations set forth in the first sentence of Paragraph 59.  Defendants aver that on January 5, 2005, USDA published a final rule to set forth a process for land management planning, including the process for developing, amending, and revising land management plans for units of the NFS.  Defendants admit that certain of the Plaintiffs and other

1 | parties including the State of California filed suit to challenge the 2005 rule.

2 |     60. The allegations set forth in Paragraph 60 contain Plaintiffs' characterization of the
3 | cited Federal Register notice, which speaks for itself and is the best evidence of its contents.

4 |     61. The allegations set forth in Paragraph 61 contain Plaintiffs' characterization of the
5 | opinion in <u>Citizens for Better Forestry v. USDA</u>, 481 F. Supp. 2d 1059 (N.D. Cal. 2007), which
6 | speaks for itself and is the best evidence of its contents.

7 |     62. Defendants admit that on August 23, 2007, USDA issued a proposed rule. The
8 | remaining allegations set forth in Paragraph 62 contain Plaintiffs' characterizations of the
9 | proposed rule, which speaks for itself and is the best evidence of its contents.

10 |     63. Defendants deny the allegations set forth in the first sentence of Paragraph 63.
11 | Defendants aver that in August 2007, the Forest Service made a draft environmental impact
12 | statement ("DEIS") available for public review. The allegations set forth in the second sentence
13 | of Paragraph 63 contain Plaintiffs' characterization of the DEIS, which speaks for itself and is
14 | the best evidence of its contents. To the extent that a response is required, Defendants deny the
15 | allegations set forth in the second sentence of Paragraph 63.

16 |     64. Defendants admit the allegations set forth in Paragraph 64.

17 |     65. Defendants admit that on January 18, 2008, USDA Forest Service employees signed
18 | a biological assessment. The remaining allegations set forth in the first and second sentences of
19 | Paragraph 65 contain Plaintiffs' characterization of the biological assessment, which speaks for
20 | itself and is the best evidence of its contents. Defendants admit the third sentence of Paragraph
21 | 65.

22 |     66. Defendants deny the allegations set forth in Paragraph 66, except to admit that in
23 | February 2008, the Forest Service made the final environmental impact ("FEIS") available.

24 |     67. Defendants admit the allegations set forth in the first sentence of Paragraph 67. The
25 | remaining allegations set forth in Paragraph 67 contain Plaintiffs' characterization of the April 9,
26 | 2008, Record of Decision ("ROD"), which speaks for itself and is the best evidence of its
27 |

1  contents.

2  68. Defendants admit the allegations set forth in Paragraph 68.

3  69. Defendants deny the allegations set forth in Paragraph 69.

**Statutory Background: NEPA**

70. The allegations set forth in Paragraph 70 contain Plaintiffs' conclusions of law, to which no response is required.

71. The allegations set forth in Paragraph 71 contain Plaintiffs' conclusions of law, to which no response is required.

72. The allegations set forth in Paragraph 72 contain Plaintiffs' conclusions of law, to which no response is required.

73. The allegations set forth in Paragraph 73 contain Plaintiffs' conclusions of law, to which no response is required.

74. The allegations set forth in Paragraph 74 contain Plaintiffs' conclusions of law, to which no response is required.

75. The allegations set forth in Paragraph 75 contain Plaintiffs' conclusions of law, to which no response is required.

76. The allegations set forth in Paragraph 76 contain Plaintiffs' conclusions of law, to which no response is required.

**Statutory Background: ESA**

77. The allegations set forth in Paragraph 77 contain Plaintiffs' conclusions of law, to which no response is required.

78. The allegations set forth in Paragraph 78 contain Plaintiffs' conclusions of law, to which no response is required.

79. The allegations set forth in Paragraph 79 contain Plaintiffs' conclusions of law, to which no response is required.

80. The allegations set forth in Paragraph 80 contain Plaintiffs' conclusions of law, to

which no response is required.

**First Claim for Relief**

81. Defendants hereby reallege and incorporate their responses to each and every Paragraph above.

82. The allegations set forth in Paragraph 82 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 82.

83. The allegations set forth in Paragraph 83 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 83.

84. The allegations set forth in Paragraph 84 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 84.

85. The allegations set forth in Paragraph 85 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 85.

86. The allegations set forth in Paragraph 86 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 86.

87. The allegations set forth in Paragraph 87 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 87.

88. The allegations set forth in Paragraph 88 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 88.

89. The allegations set forth in Paragraph 89 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 89.

### Second Claim for Relief

90. Defendants hereby reallege and incorporate their responses to each and every Paragraph above.

91. The allegations set forth in Paragraph 91 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 91.

92. The allegations set forth in Paragraph 92 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 92.

93. The allegations set forth in Paragraph 93 contain Plaintiffs' characterization of the biological assessment, which speaks for itself and is the best evidence of its contents, and conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 93.

94. The allegations set forth in Paragraph 94 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 94.

95. The allegations set forth in Paragraph 95 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 95.

### Relief Requested

The allegations in the remainder of Plaintiffs' Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

Defendants hereby deny each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise responded to in this Answer.

**Affirmative Defenses**

1. The Court lacks jurisdiction over Plaintiffs' claims.

2. Some or all of Plaintiffs' claims are not ripe for judicial review.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss the Complaint with prejudice, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 14th day of July 2008.

    RONALD J. TENPAS
    Assistant Attorney General
    Environment and Natural Resources Division

    /s/ Rachel A. Dougan
    RACHEL A. DOUGAN (DC Bar 485507)
    S. JAY GOVINDAN
    Environment and Natural Resources Division
    United States Department of Justice
    Benjamin Franklin Station, P.O. Box 663
    Washington, D.C. 20044-0663
    Telephone: (202) 616-5082
    Facsimile: (202) 305-0506
    Rachel.Dougan@usdoj.gov
    Jay.Govindan@usdoj.gov

Of Counsel:

Kathryn Toffenetti
Office of the General Counsel, United States Department of Agriculture
Washington, D.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, I served a true and correct copy of Defendants' Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief by CM/ECF upon the following attorneys of record:

Lisa T. Belenky
Center for Biological Diversity
lbelenky@biologicaldiversity.org

Marc D. Fink
Center for Biological Diversity
mfink@biologicaldiversity.org

Peter M.K. Frost
Western Environmental Law Center
frost@westernlaw.org

                                                s/Rachel A. Dougan
                                                Rachel A. Dougan
                                                Counsel for Defendants