1  RONALD J. TENPAS
   Assistant Attorney General
2  RACHEL A. DOUGAN (DC Bar 485507)
   S. JAY GOVINDAN
3  Trial Attorneys
   Environment and Natural Resources Division
4  United States Department of Justice
   Benjamin Franklin Station, P.O. Box 663
5  Washington, D.C.  20044-0663
   Telephone: (202) 616-5082
6  Facsimile: (202) 305-0506
   Rachel.Dougan@usdoj.gov
7  Jay.Govindan@usdoj.gov

8  Attorneys for Federal Defendants

9            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                 OAKLAND DIVISION

11 CITIZENS FOR BETTER FORESTRY,            )
   ENVIRONMENTAL PROTECTION INFORMATION     )   Case No. 08-cv-1927-CW
12 CENTER, CENTER FOR BIOLOGICAL DIVERSITY, )
   WILD WEST INSTITUTE, GIFFORD PINCHOT TASK)
13 FORCE, IDAHO SPORTING CONGRESS, FRIENDS  )
   OF THE CLEARWATER, UTAH ENVIRONMENTAL    )
14 CONGRESS, CASCADIA WILDLANDS PROJECT,    )   **DEFENDANTS' ANSWER**
   KLAMATH SISKIYOU WILDLANDS CENTER,       )   **TO PLAINTIFFS'**
15 WILD SOUTH, THE LANDS COUNCIL, FOREST    )   **SECOND AMENDED**
   SERVICE EMPLOYEES FOR ENVIRONMENTAL      )   **COMPLAINT FOR**
16 ETHICS, and OREGON WILD                  )   **DECLARATORY AND**
                                            )   **INJUNCTIVE RELIEF**
17        Plaintiffs,                       )
                                            )
18        v.                                )
                                            )
19 U.S. DEPARTMENT OF AGRICULTURE, and      )
   U.S. FOREST SERVICE,                     )
20                                          )
          Defendants.                       )
21 _____ )

22

23

24

25

26

27

Defendants, through undersigned counsel, hereby answer the claims and allegations set forth in Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief ("Second Am. Complaint") dated July 23, 2008.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiffs' Second Amended Complaint.

**Introduction**

1. The allegations set forth in Paragraph 1 contain Plaintiffs' characterization of their case and conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1.

2. The allegations set forth in Paragraph 2 contain Plaintiffs' characterization of their case to which no response is required.

**Jurisdiction**

3. The allegations set forth in Paragraph 3 contain conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 3. Defendants deny that this Court has jurisdiction over this case.

**Venue and Intradistrict Assignment**

4. The allegations set forth in the first and seventh sentences of Paragraph 4 contain conclusions of law, to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, third, or fourth sentences of Paragraph 4. Defendants admit the fifth sentence of Paragraph 4. Defendants deny the sixth sentence of Paragraph 4 except to admit that more than 1.5 million acres of National Forest System lands are located within the Northern District of California, including most of the Six Rivers National Forest.

5. In response to the allegations in the first sentence of Paragraph 5, Defendants admit that a letter dated April 16, 2008 was sent by Plaintiffs to Defendants, and state that the letter speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's

1    plain language, meaning and context are denied.  Defendants deny the allegations in the second

2    and third sentence of Paragraph 5.

3                                              **Parties**

4          6.  Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations set forth in Paragraph 6.

6          7.  Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations set forth in Paragraph 7.

8          8.  Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations set forth in Paragraph 8.

10         9.  Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations set forth in Paragraph 9.

12         10.  Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations set forth in Paragraph 10.

14         11.  Defendants admit that the Idaho Sporting Congress has previously commented on,

15   appealed, and litigated decisions by the Forest Service.  Defendants are without knowledge or

16   information sufficient to form a belief as to the truth of the remaining allegations set forth in

17   Paragraph 11.

18         12.  Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations set forth in Paragraph 12.

20         13.  Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations set forth in Paragraph 13.  In response to the allegations set forth in the

22   third sentence of Paragraph 13, Defendants admit that approximately 63.8 percent of Utah is

23   federal land.

24         14.  Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations set forth in Paragraph 14.

26         15.  Defendants are without knowledge or information sufficient to form a belief as to the

27

1    truth of the allegations set forth in Paragraph 15.

2        16.  Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations set forth in Paragraph 16.

4        17.  Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations set forth in Paragraph 17.

6        18.  Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations set forth in Paragraph 18.

8        19.  Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations set forth in Paragraph 19.

10       20.  Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations set forth in Paragraph 20.

12       21.  Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations set forth in Paragraph 21.

14       22.  Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations set forth in Paragraph 22.

16       23.  The allegations set forth in Paragraph 23 contain Plaintiffs' characterization of their

17   case and conclusions of law, to which no response is required.

18       24.  The allegations set forth in Paragraph 24 contain Plaintiffs' characterization of their

19   case and conclusions of law, to which no response is required.  To the extent a response is

20   required, Defendants deny the allegations set forth in Paragraph 24.  Defendants deny that

21   Plaintiffs have standing to bring this case.

22       25.  Defendants deny the allegations set forth in Paragraph 25, except to admit that the

23   Plaintiff organizations submitted comments during the public comment period held for the Draft

24   Environmental Impact Statement for National Forest System Land Management Planning

25   (August 2007) ("DEIS").

26       26.  Defendants admit the allegations set forth in Paragraph 26.

27

Case No. 08-cv-1927-CW
Ans. to Pls.' Second Am. Compl.        3

1    27.  Defendants admit the allegations set forth in Paragraph 27.

2    **Facts**

3    28.  Defendants admit the allegations set forth in Paragraph 28, except to clarify that the

4    National Forest System ("NFS") includes 193 million acres in 44 states, Puerto Rico, and the

5    Virgin Islands.

6    29.  Defendants admit the allegations set forth in the first sentence of Paragraph 29.

7    Defendants deny the allegations set forth in the second sentence of Paragraph 29, except to admit

8    that the NFS provides important habitat for many plant and animal species and that some of the

9    NFS lands have been degraded.

10    30.  Defendants admit the first sentence of Paragraph 30.  The remaining allegations set

11    forth in Paragraph 30 contain Plaintiffs' characterization of Congressional testimony, which

12    speaks for itself and is the best evidence of its contents.

13    31.  The allegations set forth in Paragraph 31 contain Plaintiffs' characterization of their

14    case and conclusions of law, to which no response is required.  Defendants aver that the National

15    Forest Management Act ("NFMA") establishes a two-tier approach to forest planning.

16    Defendants admit that pursuant to NFMA the Secretary of Agriculture is to promulgate national

17    regulations to govern the development of plans for forest management.

18    32.  The allegations set forth in Paragraph 32 contain Plaintiffs' characterization of their

19    case and conclusions of law, to which no response is required.  Defendants admit that NFMA

20    requires the preparation of land and resource management plans or land management plans that

21    collectively cover the units of the National Forest System.  Defendants further admit that the

22    plans must comply with the applicable national planning regulations.  Except as expressly

23    admitted, Defendants deny the allegations set forth in Paragraph 32.

24    33.  The allegations set forth in Paragraph 33 contain Plaintiffs' characterization of their

25    case and conclusions of law, to which no response is required.  Defendants admit that site-

26    specific project planning is undertaken in the development of on-the-ground actions.

27

1    34.  The allegations set forth in Paragraph 34 contain Plaintiffs' conclusions of law, to

2    which no response is required.

3    35.  The allegations set forth in Paragraph 35 contain Plaintiffs' conclusions of law, to

4    which no response is required.  To the extent that a response is required, Defendants admit that

5    the Secretary of Agriculture was required to appoint a Committee of Scientists regarding the

6    preparation of the first planning regulations under NFMA.  Defendants deny the remaining

7    allegations in the first sentence of Paragraph 35 to the extent they are meant to suggest that the

8    Secretary of Agriculture was required to appoint a Committee of Scientists for subsequent

9    planning regulations.

10    36.  Defendants admit the allegations set forth in the first sentence of Paragraph 36.  In

11    response to the allegations set forth in the second sentence of Paragraph 36, Defendants admit

12    that the 1979 Rule was accompanied by an environmental impact statement ("1979 EIS").  The

13    remaining allegations set forth in the second sentence of Paragraph 36 contain Plaintiffs'

14    characterization of the 1979 EIS, which speaks for itself and is the best evidence of its contents.

15    37.  Defendants admit that USDA promulgated NFMA regulations on September 30,

16    1982.  Defendants deny the remaining allegations in the first sentence of Paragraph 37.

17    Defendants aver that in connection with preparation of the 1982 rule, individuals who had been

18    members of the Committee of Scientists for the first, 1979 NFMA rule, were asked for

19    recommendations, and expressed their recommendations as a panel of individual consultants.

20    Defendants admit the second sentence of Paragraph 37.

21    38.  The allegations set forth in Paragraph 38 contain Plaintiffs' conclusions of law, to

22    which no response is required.

23    39.  The allegations set forth in Paragraph 39 contain Plaintiffs' conclusions of law, to

24    which no response is required.  Defendants deny the third sentence of Paragraph 38.

25    40.  The allegations set forth in Paragraph 40 contain Plaintiffs' conclusions of law, to

26    which no response is required.

27

41.  The allegations set forth in Paragraph 41 contain Plaintiffs' conclusions of law, to which no response is required.

42.  The allegations set forth in Paragraph 42 contain Plaintiffs' conclusions of law, to which no response is required.

43.   The allegations set forth in Paragraph 43 contain Plaintiffs' conclusions of law, to which no response is required.

44.  The allegations set forth in Paragraph 44 contain Plaintiffs' conclusions of law, to which no response is required.

45.  The allegations set forth in Paragraph 45 contain Plaintiffs' conclusions of law, to which no response is required.

46.  The allegations set forth in Paragraph 46 contain Plaintiffs' conclusions of law, to which no response is required.

47.  The allegations set forth in Paragraph 47 contain Plaintiffs' conclusions of law, to which no response is required.

48.  The allegations set forth in Paragraph 48 contain Plaintiffs' conclusions of law, to which no response is required.

49.  The allegations set forth in Paragraph 49 contain Plaintiffs' conclusions of law, to which no response is required.

50.  Defendants admit the allegations set forth in Paragraph 50.

51.  In response to the allegations set forth in Paragraph 51, Defendants admit that in June 1996, the Forest Service prepared a document that has been referred to as a biological assessment ("1996 BA").  The remaining allegations set forth in Paragraph 51 are Plaintiffs' characterization of the 1996 BA, which speaks for itself and is the best evidence of its contents.

52.  Defendants admit the allegations set forth in Paragraph 52.

53.  Defendants admit the allegations set forth in the first and third sentences of Paragraph 53.  The allegations set forth in the second sentence of Paragraph 53 contain

1  Plaintiffs' characterizations of the planning regulations proposed in 1999, which speak for

2  themselves and are the best evidence of their contents.

3      54.  The allegations set forth in Paragraph 54 contain Plaintiffs' characterizations of the

4  1982 rule and 2000 rule, which speak for themselves and are the best evidence of their contents,

5  and which constitute conclusions of law to which no response is required.

6      55.  Defendants admit the allegations set forth in the first, second, and third sentences of

7  Paragraph 55.  The allegations set forth in the fourth sentence of Paragraph 55 contain Plaintiffs'

8  conclusions of law, to which no response is required.  In response to the allegations set forth in

9  the fifth sentence of Paragraph 55, Defendants admit that certain National Forests elected, under

10 the 2000 planning rule, to continue preparing plan amendments and revisions using the

11 procedures of the 1982 planning rule.  Defendants deny the remaining allegations set forth in the

12 fifth sentence of Paragraph 55.

13     56.  The allegations set forth in Paragraph 56 contain Plaintiffs' characterization of the

14 opinion in Citizens for Better Forestry v. USDA, 341 F.3d 961 (9th Cir. 2003), which speaks for

15 itself and is the best evidence of its contents.  Defendants deny that the Court ruled on the merits

16 of the plaintiffs' claims in that case.

17     57.  In response to the allegations set forth in Paragraph 57, Defendants admit that in

18 September 2003, USDA issued an interim final rule.  The remaining allegations set forth in

19 Paragraph 57 contain Plaintiffs' characterization of the interim final rule, which speaks for itself

20 and is the best evidence of its contents.

21     58.  Defendants admit the allegations set forth in the first sentence of Paragraph 58.  The

22 remaining allegations set forth in Paragraph 58 contain Plaintiffs' characterizations of the

23 September 29, 2004 interpretive rule, the 2000 rule, and the 1982 rule, which speak for

24 themselves, are the best evidence of their contents, and which constitute conclusions of law to

25 which no response is required.

26     59.  The allegations set forth in Paragraph 59 contain Plaintiffs' characterization of the

27

Case No. 08-cv-1927-CW
Ans. to Pls.' Second Am. Compl.      7

1    cited Federal Register notice, which speaks for itself and is the best evidence of its contents.

2         60.  Defendants deny the allegations set forth in the first sentence of Paragraph 60.

3    Defendants aver that on January 5, 2005, USDA published a final rule to set forth a process for

4    land management planning, including the process for developing, amending, and revising land

5    management plans for units of the NFS.  Defendants admit that certain of the Plaintiffs and other

6    parties including the State of California filed suit to challenge the 2005 rule.

7         61.  The allegations set forth in Paragraph 61 contain Plaintiffs' characterization of the

8    cited Federal Register notice, which speaks for itself and is the best evidence of its contents.

9         62.  The allegations set forth in Paragraph 62 contain Plaintiffs' characterization of the

10   opinion in Citizens for Better Forestry v. USDA, 481 F. Supp. 2d 1059 (N.D. Cal. 2007), which

11   speaks for itself and is the best evidence of its contents.

12        63.  Defendants admit that on August 23, 2007, USDA issued a proposed rule.  The

13   remaining allegations set forth in Paragraph 63 contain Plaintiffs' characterizations of the

14   proposed rule, which speaks for itself and is the best evidence of its contents.

15        64.  Defendants deny the allegations set forth in the first sentence of Paragraph 64.

16   Defendants aver that in August 2007, the Forest Service made a draft environmental impact

17   statement ("DEIS") available for public review.  The allegations set forth in the second sentence

18   of Paragraph 64 contain Plaintiffs' characterization of the DEIS, which speaks for itself and is

19   the best evidence of its contents.  To the extent that a response is required, Defendants deny the

20   allegations set forth in the second sentence of Paragraph 64.

21        65.  Defendants admit the allegations set forth in Paragraph 65.

22        66.  Defendants admit that on January 18, 2008, USDA Forest Service employees signed

23   a biological assessment.  The remaining allegations set forth in the first and second sentences of

24   Paragraph 66 contain Plaintiffs' characterization of the biological assessment, which speaks for

25   itself and is the best evidence of its contents.  Defendants admit the third sentence of Paragraph

26   66.

27

67. Defendants deny the allegations set forth in Paragraph 67, except to admit that in February 2008, the Forest Service made the final environmental impact ("FEIS") available.

68. Defendants admit the allegations set forth in the first sentence of Paragraph 68. The remaining allegations set forth in Paragraph 68 contain Plaintiffs' characterization of the April 9, 2008, Record of Decision ("ROD"), which speaks for itself and is the best evidence of its contents.

69. Defendants admit the allegations set forth in Paragraph 69.

70. Defendants deny the allegations set forth in Paragraph 70.

### Statutory Background: NEPA

71. The allegations set forth in Paragraph 71 contain Plaintiffs' conclusions of law, to which no response is required.

72. The allegations set forth in Paragraph 72 contain Plaintiffs' conclusions of law, to which no response is required.

73. The allegations set forth in Paragraph 73 contain Plaintiffs' conclusions of law, to which no response is required.

74. The allegations set forth in Paragraph 74 contain Plaintiffs' conclusions of law, to which no response is required.

75. The allegations set forth in Paragraph 75 contain Plaintiffs' conclusions of law, to which no response is required.

76. The allegations set forth in Paragraph 76 contain Plaintiffs' conclusions of law, to which no response is required.

77. The allegations set forth in Paragraph 77 contain Plaintiffs' conclusions of law, to which no response is required.

### Statutory Background: ESA

78. The allegations set forth in Paragraph 78 contain Plaintiffs' conclusions of law, to which no response is required.

79. The allegations set forth in Paragraph 79 contain Plaintiffs' conclusions of law, to which no response is required.

80. The allegations set forth in Paragraph 80 contain Plaintiffs' conclusions of law, to which no response is required.

81. The allegations set forth in Paragraph 81 contain Plaintiffs' conclusions of law, to which no response is required.

## First Claim for Relief

82. Defendants hereby reallege and incorporate their responses to each and every Paragraph above.

83. The allegations set forth in Paragraph 83 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 83.

84. The allegations set forth in Paragraph 84 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 84.

85. The allegations set forth in Paragraph 85 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 85.

86. The allegations set forth in Paragraph 86 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 86.

87. The allegations set forth in Paragraph 87 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 87.

88. The allegations set forth in Paragraph 88 contain Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the

1    allegations set forth in Paragraph 88.

2        89.  The allegations set forth in Paragraph 89 contain Plaintiffs' conclusions of law, to

3    which no response is required.  To the extent a response is required, Defendants deny the

4    allegations set forth in Paragraph 89.

5        90.  The allegations set forth in Paragraph 90 contain Plaintiffs' conclusions of law, to

6    which no response is required.  To the extent a response is required, Defendants deny the

7    allegations set forth in Paragraph 90.

8                              **Second Claim for Relief**

9        91.  Defendants hereby reallege and incorporate their responses to each and every

10   Paragraph above.

11       92.  The allegations set forth in Paragraph 92 contain Plaintiffs' conclusions of law, to

12   which no response is required.  To the extent a response is required, Defendants deny the

13   allegations set forth in Paragraph 92.

14       93.  The allegations set forth in Paragraph 93 contain Plaintiffs' conclusions of law, to

15   which no response is required.  To the extent a response is required, Defendants deny the

16   allegations set forth in Paragraph 93.

17       94.  The allegations set forth in Paragraph 94 contain Plaintiffs' characterization of the

18   biological assessment, which speaks for itself and is the best evidence of its contents, and

19   conclusions of law, to which no response is required.  To the extent a response is required,

20   Defendants deny the allegations set forth in Paragraph 94.

21       95.  The allegations set forth in Paragraph 95 contain Plaintiffs' conclusions of law, to

22   which no response is required.  To the extent a response is required, Defendants deny the

23   allegations set forth in Paragraph 95.

24       96.  The allegations set forth in Paragraph 96 contain Plaintiffs' conclusions of law, to

25   which no response is required.  To the extent a response is required, Defendants deny the

26   allegations set forth in Paragraph 96.

27

1

**Third Claim for Relief**

2          97.  Defendants hereby reallege and incorporate their responses to each and every

3    Paragraph above.

4          98.  The allegations set forth in Paragraph 98 contain Plaintiffs' conclusions of law, to

5    which no response is required.  To the extent a response is required, Defendants deny the

6    allegations set forth in Paragraph 98.

7          99.  The allegations set forth in the first sentence Paragraph 99 contain Plaintiffs'

8    conclusions of law, to which no response is required.  To the extent a response is required,

9    Defendants deny the allegations set forth in the first sentence of Paragraph 99. Defendants admit

10   the allegations in the second sentence of Paragraph 99.  Defendants deny the allegations in the

11   third sentence of Paragraph 99.  The allegations set forth in the fourth sentence Paragraph 99

12   contain Plaintiffs' conclusions of law, to which no response is required.  To the extent a response

13   is required, Defendants deny the allegations set forth in the fourth sentence of Paragraph 99.

14         100.  The allegations set forth in Paragraph 100 contain Plaintiffs' conclusions of law, to

15   which no response is required.  To the extent a response is required, Defendants deny the

16   allegations set forth in Paragraph 100.

17

**Relief Requested**

18         The allegations in the remainder of Plaintiffs' Complaint constitute Plaintiffs' prayer for

19   relief, to which no response is required.  To the extent a response is required, Defendants deny

20   that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

21         Defendants hereby deny each and every allegation in Plaintiffs' Complaint not previously

22   admitted or otherwise responded to in this Answer.

23

**Affirmative Defenses**

24         1.  The Court lacks jurisdiction over Plaintiffs' claims.

25         2.  Some or all of Plaintiffs' claims are not ripe for judicial review.

26         WHEREFORE,  Defendants respectfully request that this Court deny Plaintiffs all relief

27

1    requested, dismiss the Complaint with prejudice, and grant Defendants such other relief as the

2    Court deems appropriate.

3    Respectfully submitted this 25th day of July 2008.

4                                          RONALD J. TENPAS
                                           Assistant Attorney General
5                                          Environment and Natural Resources Division
                                           RACHEL A. DOUGAN (DC Bar 485507)
6
                                           /s/ S. Jay Govindan
7                                          S. JAY GOVINDAN
                                           Environment and Natural Resources Division
8                                          United States Department of Justice
                                           Benjamin Franklin Station, P.O. Box 7369
9                                          Washington, D.C.  20044-0663
                                           Telephone: (202) 305-0237
10                                         Facsimile: (202) 305-0275
                                           Jay.Govindan@usdoj.gov
11                                         Rachel.Dougan@usdoj.gov

12
     Of Counsel:
13
     Kathryn Toffenetti
14   Office of the General Counsel, United States Department of Agriculture
     Washington, D.C.
15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, I served a true and correct copy of Defendants'

Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief by CM/ECF

upon the following attorneys of record:

Lisa T. Belenky
Center for Biological Diversity
lbelenky@biologicaldiversity.org

Marc D. Fink
Center for Biological Diversity
mfink@biologicaldiversity.org

Peter M.K. Frost
Western Environmental Law Center
frost@westernlaw.org

s/Rachel A. Dougan
Rachel A. Dougan
Counsel for Defendants

Case No. 08-cv-1927-CW
Ans. to Pls.' Second Am. Compl.          14