UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, *et al.*, | Case No. 08-01927 CW |
| Plaintiffs, | JOINT CASE MANAGEMENT STATEMENT; and [PROPOSED] ORDER |
| v. | |
| U.S. DEPARTMENT OF AGRICULTURE, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| DEFENDERS OF WILDLIFE, *et al.*, | Case No. 08-02326 CW |
| Plaintiffs, | |
| v. | |
| ED SCHAFER, U.S. Department of Agriculture, *et al.*, | |
| Defendants. | |

Plaintiffs and Defendants in these related cases ("*Citizens*" and "*Defenders*," respectively) hereby respectfully submit this Joint Case Management Statement:

**1.      Jurisdiction and Service**

Plaintiffs in both cases challenge Defendants' April 21, 2008 Final Rule ("2008 Rule"), which revises the National Forest Management Act ("NFMA") regulations governing the administration of National Forest System lands.  Plaintiffs assert that jurisdiction is proper in this Court under 28 U.S.C. § 1331, because this action involves a federal question and the United States as a defendant, and under 16 U.S.C. § 1540(g), because Congress established jurisdiction in this Court for actions alleging certain violations of the Endangered Species Act ("ESA").  Plaintiffs allege violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*; the ESA, 16 U.S.C. §§ 1531, *et seq*; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, *et seq*.  Plaintiffs allege that they are conservation groups with numerous members who regularly utilize many of the national forests for recreation and other interests.  Plaintiffs assert that their interests in these forests has been and will continue to be injured by the

1    2008 Rule, and allege that the challenged decision is final agency action that is currently being

2    implemented.  Plaintiffs submitted comments on the draft rule and draft environmental impact

3    statement ("EIS"), and exhausted all available administrative remedies.

4         Plaintiffs in both cases served copies of the summons and complaints on Defendants in

5    accordance with the Federal Rules of Civil Procedure.

6         Defendants assert that the Court lacks jurisdiction to review Plaintiffs' claims on standing

7    and ripeness grounds because Plaintiffs cannot show that the 2008 Rule has caused them injury

8    that would be redressed by a favorable decision.  In addition, Defendants assert that Plaintiffs'

9    allegations that the 2008 Rule injures their interests cannot be resolved until the Rule is

10   implemented through intervening Forest Plan revisions and site-specific project decisions made in

11   accordance with those revised Forest Plans.

12   **2.    Facts**

13        NFMA directs the Secretary of Agriculture and Forest Service ("USDA") to promulgate

14   regulations that govern planning for units of the National Forest System.  USDA issued the first

15   NFMA regulations in 1979, and substantially amended the NFMA regulations in 1982 ("1982

16   Rule").  44 Fed. Reg. 53928 (Sept. 17, 1979); 47 Fed. Reg. 43026 (Sept. 30, 1982).

17        On November 9, 2000, USDA published a new rule to revise the 1982 regulations ("2000

18   Rule").  65 Fed. Reg. 67513 (Nov. 9, 2000); *see Citizens for Better Forestry v. U.S. Department of*

19   *Agriculture*, 341 F.3d 961 (9th Cir. 2003) (reciting history).

20        On January 5, 2005, USDA published a new final rule regarding the NFMA regulations

21   ("2005 Rule").  70 Fed. Reg. 1023 (Jan. 5, 2005).  USDA issued a related final rule on January 5,

22   2005, to formally remove the 2000 Rule.  70 Fed. Reg. 1022 (Jan. 5, 2005).  On March 30, 2007,

23   the U.S. District Court for the Northern District of California issued an order finding that USDA

24   violated NEPA, the ESA, and the APA in developing the 2005 Rule, and enjoined USDA from

25   implementing it.  *Citizens for Better Forestry v. U.S. Department of Agriculture*, 481 F.Supp. 2d

26   1059 (N.D. Cal. 2007).

27        On April 21, 2008, USDA published a new final rule revising the NFMA regulations

28   ("2008 Rule").  Plaintiffs filed these cases to challenge the 2008 Rule.

**3.    Legal Issues**

The parties dispute the following legal issues:

a)    Whether the Court has jurisdiction to review Plaintiffs' claims?

b)    Whether Plaintiffs' claims are ripe for judicial review?

c)    Whether the EIS that USDA prepared for the 2008 Rule complies with NEPA?

d)    Whether the "biological assessment" and "no effect" determination regarding the 2008 Rule comply with the ESA?

e)    Whether USDA satisfied its obligations under Section 7 of the ESA?

f)    Whether implementation of the 2008 Rule should be enjoined if Plaintiffs prevail on the merits?  Plaintiffs believe that if Plaintiffs prevail on the merits and the Court determines the 2008 Rule should be enjoined, an additional legal issues is:  Which set of NFMA regulations should govern Forest Service planning and activities throughout the National Forest System?  Defendants do not believe the latter question would be presented as a legal issue to be decided as part of these cases.

**4.    Motions**

USDA anticipates being able to lodge and serve the administrative record for the 2008 Rule by August 29, 2008.  Upon service of the administrative record, Plaintiffs will ascertain whether they believe they must conduct any discovery.  If Plaintiffs believe they must conduct discovery, they will file motions to seek leave to conduct such discovery.  Defendants assert that discovery would be inappropriate in this case because any judicial review of the merits of Plaintiffs' claims should be confined to the administrative record.

Within 60 days of the lodging of the administrative record, Plaintiffs will file any motion, if necessary, regarding the completeness of the administrative record or seeking leave to conduct discovery.  Before filing any such motions, Plaintiffs' counsel will confer with Defendants' counsel to determine if the parties can reach an informal resolution.

The parties agree that ultimately these cases should be resolved upon cross-motions for summary judgment.

**5.    Amendment of Pleadings**

PARTIES' JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER, CASE Nos. C 08-1927-CW & 08-02326-CW

3

1     The parties do not currently anticipate further need to amend the pleadings.

2  **6.**    **Evidence Preservation**

3     The parties anticipate that this case will be resolved on cross-motions for summary

4  judgment based on the administrative record.  Therefore, there is no need for an evidentiary

5  preservation order.

6  **7.**    **Disclosures**

7     This case is an action for review of an administrative record and, as such, is exempt from

8  the requirements of disclosures under Federal Rule of Civil Procedure 26.

9  **8.**    **Discovery**

10     Before Plaintiffs have the chance to review the administrative record, they are unable to

11  determine whether they will need any discovery.  Defendants assert that discovery is inappropriate

12  in these cases and reserve the right to oppose any discovery.

13  **9.**    **Class Actions**

14     N/A.

15  **10.**    **Related Cases**

16     The parties agree that *Citizens for Better Forestry, et al. v. U.S. Department of Agriculture,*

17  *et al.*, No. C 08-01927 CW and *Defenders of Wildlife, et al. v. Ed Schafer, et al.*, No. 08-02326

18  CW are related cases.  The parties believe the cases should be consolidated.

19  **11.**    **Relief**

20     Plaintiffs seek declaratory and injunctive relief in these cases.  Plaintiffs seek a declaratory

21  judgment that the Forest Service violated NEPA and the ESA in promulgating the 2008 Rule.

22  Plaintiffs seek to enjoin the Forest Service from applying or otherwise relying on the 2008 Rule.

23  Plaintiffs further seek injunctive relief compelling USDA to comply with the 1982 Rule and

24  NFMA regulations for all activities and forest planning throughout the National Forest System.

25     Defendants contend that Plaintiffs are not entitled to any of the requested relief.

26  **12.**    **Settlement and ADR**

27

The parties do not believe that settlement of this case is likely.  An ADR phone conference has been scheduled in *Citizens* for August 14 at 2:00 p.m. and in *Defenders* for August 15, 2008, at 9:30 a.m.

**13.    Consent to Magistrate Judge for All Purposes**

The parties agree that this case will be resolved through cross-motions for summary judgment before an Article III judge, and that no trial will be necessary.

**14.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties agree that all claims in this case will be resolved through cross-motions for summary judgment.

**16.    Expedited Schedule**

See schedule below.

**17.    Scheduling**

The parties agree that this case will be resolved through cross-motions for summary judgment based on the administrative record.

Upon resolution or agreement regarding the completeness of the administrative record, including the completion of any discovery, the parties propose the following schedule for briefing and arguing cross-motions for summary judgment.  They propose that the Plaintiffs in each case will file a single motion for summary judgment and supporting papers within 45 days of the resolution of any disputes regarding the completeness of the record and the completion of any discovery; Defendants will respond to those motions and file their cross-motion for summary judgment 45 days later; Plaintiffs will reply regarding their opening brief and respond to Defendants' motion 21 days later; and Defendants will reply to Plaintiff's responses to their motion 21 days later.  The parties agree to make reasonable adjustments to this schedule, once the actual triggering date is known, to accommodate competing demands on all counsel's time, subject to the Court's approval.  No additional briefs will be allowed without leave of the Court.

**18.    Trial**

The parties agree that this case will be resolved through cross-motions for summary judgment and that no trial will be necessary.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Pursuant to Civil Local Rule 3-16, undersigned counsel for Plaintiffs hereby certify that as of this date, other than the named parties, there are no additional interested entities or persons to report.  Defendants are exempt from corporate disclosure under Civil Local Rule 3-16.

**20.    Other Matters**

Defendants respectfully request that the initial case management conference that has been scheduled for August 19, 2008, at 2:00 p.m. be held by telephone.  Plaintiffs respectfully request that counsel have the option to participate by telephone or to attend in person.

In briefing the cross-motions for summary judgment, Plaintiffs in each case will file opening briefs limited to 25 pages.  Defendants will file one consolidated cross-motion/response limited to 50 pages.  Plaintiffs in each case will file reply briefs limited to 20 pages.  Defendants will file one consolidated reply brief limited to 30 pages.

The parties are not aware of any other matters conducive to the just, speedy, and inexpensive resolution of this matter.

DATED:  August 12, 2008                    Respectfully submitted,


                                           /s/ Marc D. Fink
                                           Marc D. Fink, *pro hac vice*
                                           Center for Biological Diversity
                                           4515 Robinson Street
                                           Duluth, Minnesota  55804
                                           Tel: 218-525-3884; fax: 218-525-3857
                                           mfink@biologicaldiversity.org

                                           Peter M.K. Frost, *pro hac vice*
                                           Western Environmental Law Center
                                           1216 Lincoln Street
                                           Eugene, Oregon 97401
                                           Tel: 541-485-2471; fax: 541-485-2457
                                           frost@westernlaw.org

1

2    Lisa T. Belenky (CA Bar No. 203225)
     Center for Biological Diversity
3    1095 Market St., Suite 511
     San Francisco, California 94103
4    Tel: 415-436-9682 x 307; fax: 415-436-9683
     lbelenky@biologicaldiversity.org

5    Attorneys for Plaintiffs Citizens for Better Forestry, et al.

6

7    /s/ Trent W. Orr
     Trent W. Orr, State Bar No. 77656
8    Gregory C. Loarie, State Bar No. 215859
     Earthjustice
9    426 17th Street, 5th Floor
     Oakland, CA 94612
10   Tel. (510) 550-6725
     Fax (510) 550-6749
11   torr@earthjustice.org; gloarie@earthjustice.org

12   Attorneys for Plaintiffs Defenders of Wildlife, et al.

13

14   RONALD J. TENPAS
     Assistant Attorney General
15   Environment and Natural Resources Division

16   /s/ Rachel A. Dougan
17   RACHEL A. DOUGAN (DC Bar 485507)
     S. JAY GOVINDAN
18   Environment and Natural Resources Division
     United States Department of Justice
19   Benjamin Franklin Station, P.O. Box 663
     Washington, D.C. 20044-0663
20   Telephone: (202) 616-5082
     Facsimile: (202) 305-0506
21   Rachel.Dougan@usdoj.gov
     Jay.Govindan@usdoj.gov
22

23   Attorneys for Defendants

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Pursuant to Stipulation, it is ordered that the case management provisions set forth above shall govern the proceedings in this matter.

DATED: _____

_____

THE HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE