1

2

3

4

5

6

7

8

9

10

11

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  CITIZENS FOR BETTER FORESTRY, et al.,        No. 08-01927 CW

13              Plaintiffs,                       ORDER GRANTING IN
                                                  PART PLAINTIFFS'
14      v.                                        MOTIONS FOR
                                                  ATTORNEYS' FEES
15  U.S. DEPARTMENT OF AGRICULTURE, et            AND COSTS
    al.,                                          (Docket Nos. 88
16                                                and 119)
                Defendants.
17  _____/

18

19      Plaintiffs Citizens for Better Forestry, et al. (collectively,

20  Citizens) and Plaintiffs Defenders of Wildlife, et al.

21  (collectively, Defenders) move separately for attorneys' fees,

22  costs and other expenses.  Defendants United States Department of

23  Agriculture, et al. (collectively, USDA) oppose the motions.  The

24  motions were taken under submission on the papers.  Having

25  considered the papers submitted by the parties, the Court GRANTS in

26  part Citizens' and Defenders' motions.

27                          BACKGROUND

28      In this consolidated action, Citizens and Defenders alleged

that the USDA violated the National Environmental Policy Act (NEPA) and the Endangered Species Act (ESA) when it promulgated its April, 2008 revisions to the National Forest Management Act (NFMA) plan development rule (2008 Rule).[1]  See generally National Forest System Land Management Planning, 73 Fed. Reg. 21,468 (Apr. 21, 2008).  In its environmental impact statement (EIS) and biological assessment (BA), the USDA concluded that the 2008 Rule would not have a direct or indirect impact on the environment or on threatened or endangered species.  Plaintiffs alleged that the EIS and BA were deficient because they simply repeated erroneous findings similar to those the USDA had made concerning the 2005 revisions to the plan development rule.

The Court granted Plaintiffs' motion for summary judgment and denied the USDA's cross-motion for the same.  The Court determined that Plaintiffs had standing to assert their claims and that the recent Supreme Court decision in Summers v. Earth Island Institute, 129 S. Ct. 1142 (2009), did not require a contrary result.  The Court then concluded that the USDA violated NEPA because it failed to consider the environmental effects of implementing the 2008 Rule.  The USDA's argument that, because of its programmatic nature, the 2008 Rule would have no effect on the environment was unavailing because it had been rejected by the courts in Citizens for Better Forestry v. United States Department of Agriculture (Citizens I), 341 F.3d 961 (9th Cir. 2003), and Citizens for Better

---

[1] Citizens and Defenders filed their complaints on April 11, 2008 and May 6, 2008 respectively.  The Court consolidated Plaintiffs' action on August 27, 2008.

**United States District Court**
For the Northern District of California

1   <u>Forestry v. United States Department of Agriculture</u> (<u>Citizens II</u>),

2   481 F. Supp. 2d 1059 (N.D. Cal. 2007).  The Court also held that

3   the USDA violated the ESA's consultation requirement.  The Court

4   vacated the 2008 Rule, enjoined the USDA from implementing it and

5   remanded it to the USDA for further proceedings.  The USDA did not

6   appeal the Court's decision.

7       Citizens seeks an award of $187,376.90 for attorneys' fees,

8   costs and other expenses.  Defenders requests $281,746.28 for the

9   same.

10                        DISCUSSION

11  I.   Entitlement to Attorneys' Fees

12      Plaintiffs assert that they are entitled to attorneys' fees

13  for their NEPA claim under the Equal Access to Justice Act (EAJA).

14  For their ESA claim, Plaintiffs seek fees under the citizen suit

15  provision of that statute.

16      A.   EAJA

17      A party that prevails against the federal government under

18  NEPA may seek attorneys' fees under the EAJA.  <u>See</u> <u>Wilderness Soc.</u>

19  <u>v. Babbitt</u>, 5 F.3d 383, 385 (9th Cir. 1993).  The EAJA provides

20  that a court shall award attorneys' fees to an eligible party that

21  prevails in a civil suit against the United States, unless the

22  government's position "was substantially justified or . . . special

23  circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A);

24  <u>see also</u> <u>Love v. Reilly</u>, 924 F.2d 1492, 1494 (9th Cir. 1991).  The

25  USDA does not dispute that Plaintiffs have met their burden to

26  demonstrate that they are prevailing parties eligible to recover

27

28                            3

fees under the EAJA.[2]  However, the agency contends that its position was substantially justified and, as a result, fee awards under the EAJA are unwarranted.

"The government bears the burden of demonstrating substantial justification." Gonzales v. Free Speech Coal., 408 F.3d 613, 618 (9th Cir. 2005).  "The test for whether the government is substantially justified is one of 'reasonableness.'" Id. at 618 (quoting League of Women Voters of Cal. v. FCC, 798 F.2d 1255, 1257 (9th Cir. 1986)).  The government's position "'must have a reasonable basis both in law and in fact.'" United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1124 (9th Cir. 2004) (citing United States v. 2659 Roundhill Drive, 283 F.3d 1146, 1151 (9th Cir. 2002)).  A court considers whether the government was "substantially justified in taking its original action and in defending the validity of the action in court." $100,348.00, 354 F.3d at 1124; see also 28 U.S.C. § 2412(d)(1)(A)(2)(D) (defining "position of the United States" to include "the action or failure to act by the agency upon which the civil action is based").  "The inquiry into the nature of the underlying government action will by definition concern only the merits of that action.  The inquiry into the government's position at trial will encompass the first

---

[2] In a footnote, the USDA argues that Defenders' fee award should be reduced because its attorneys also represented the Sierra Club, which is not eligible to recover fees under the EAJA.  The USDA offers no authority requiring such a reduction, nor does it show that the Sierra Club contributed significantly to attorneys' fees and expenses.  Further, Mr. Orr states that this case would have been brought even if the Sierra Club did not participate, and that its participation did not materially contribute to Plaintiffs' success on the merits.  Orr 2d Decl. ¶ 3.  Thus, the Sierra Club's ineligibility has no bearing on Defenders' fee award.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

inquiry to the extent that the government chooses to defend the merits of the challenged action." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The government's position must be "'justified to a degree that could satisfy a reasonable person.'" Gonzales, 408 F.3d at 618 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" Gonzales, 408 F.3d at 618.

The USDA does not establish that its action or subsequent defense thereof was substantially justified. The 2008 Rule, among other things, eliminated a requirement concerning the viability of existing species within a plan area. Despite this change, the USDA insisted in the challenged EIS that the 2008 Rule would have no effect on the environment because it was only programmatic in nature and merely set out a process for developing and revising land resource management plans. However, as noted above, the courts in Citizens I and Citizens II rejected this argument, holding that such changes to the planning rule may have an effect on the environment. Because the EIS did not go any further and failed to analyze the environmental impacts of implementing the 2008 Rule, as required by NEPA, the EIS was insufficient. It was not reasonable for the USDA to base its EIS on a rejected legal theory and then default on its statutory obligation to evaluate the 2008 Rule's effects on the environment. Similarly, it was not reasonable for the USDA to defend this action by asserting the same legal argument rejected by the Citizens I and Citizens II courts. Notably, the USDA offers little in defense of its failure to comply

5

United States District Court
For the Northern District of California

1   with NEPA.

2       Instead, the USDA argues that <u>Summers</u> made this case "novel

3   and difficult," providing "objective indicia of the reasonableness"

4   of its position.  Opp'n to Citizens' Mot. at 6-7.  Although <u>Summers</u>

5   raised a question as to whether Plaintiffs had standing, it did not

6   shed light on whether the USDA's rulemaking complied with NEPA, let

7   alone offer any indication that the USDA's action was reasonable.

8   As noted above, the reasonableness inquiry is directed at the

9   merits of the government action precipitating the lawsuit and the

10  subsequent defense thereof.  The analysis of a party's standing to

11  bring claims is separate from the merits of the claims themselves.

12  <u>See</u> <u>Farrakhan v. Gregoire</u>, 590 F.3d 989, 1001 (9th Cir. 2010).

13      The cases cited by the USDA do not support its position.  In

14  most of these cases, novel legal questions were raised concerning

15  the merits of the government's actions.  <u>See, e.g.</u>, <u>Dep't of Health</u>

16  <u>Svcs. v. Sec'y of Health & Human Svcs.</u>, 823 F.2d 323, 328 (9th Cir.

17  1987) (concluding fees were inappropriate because intervening Ninth

18  Circuit decision affected the government's case); <u>Edwards v.</u>

19  <u>McMahon</u>, 834 F.2d 796, 802-03 (9th Cir. 1987) (affirming denial of

20  fees when the government acted pursuant to its interpretation of a

21  statute, which was a "matter of first impression").  In

22  <u>$100,348.00</u>, a case in which the Ninth Circuit affirmed the

23  district court's finding of substantial justification, the

24  government prevailed on every issue raised, except on that

25  concerning the plaintiff's Eighth Amendment standing, which raised

26  a "novel and close question of law."  354 F.3d at 1124.  Also, the

27  plaintiff conceded that the government's action, which precipitated

28                                      6

the lawsuit, was substantially justified.  Id.  $100,348.00 is therefore distinguishable from this case; Plaintiffs here prevailed on every issue and they do not concede that the USDA's conduct was substantially justified.  As explained above, the new legal issue raised by Summers did not go to the merits of their claims.

The USDA does not satisfy its burden to demonstrate that its position was substantially justified.  Because Plaintiffs are eligible prevailing parties, they are entitled to attorneys' fees under the EAJA.

B.    ESA

Under the citizen suit provision of the ESA, a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate."  16 U.S.C. § 1540(g)(4).  "This language 'was meant to expand the class of parties eligible for fee awards from prevailing parties to partially prevailing parties -- parties achieving some success, even if not major success.'"  Ass'n of Cal. Water Agencies v. Evans, 386 F.3d 879, 884 (9th Cir. 2004) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 (1983)) (emphasis in original).

The USDA acknowledges that Plaintiffs prevailed on their ESA claim.  Accordingly, they are entitled to attorneys' fees under the ESA.

II.  Reasonableness of Fees Requested

The USDA argues that Plaintiffs seek compensation for excessive hourly rates and unreasonable numbers of hours.  Below, Plaintiffs' fee requests are summarized.

7

| Attorney | Law Sch. Grad. Yr. | Claimed Billable Rate[3] | Hours Claimed | Total Fees |
|---|---|---|---|---|
| Peter M. K. Frost (Citizens) | 1990 | $450 (2008) $475 (2009) $172.24 (fee motion) | 85 (2008) 127.7 (2009) 50 (fee motion) TOTAL: 262.7 | $107,519.50 |
| Marc D. Fink (Citizens) | 1995 | $400 (2008) $425 (2009) $172.24 (fee motion) | 58.5 (2008) 68.6 (2009) 5.8 (fee motion) TOTAL: 132.9 | $53,553.99 |
| Matt Kenna (Citizens) | 1992 | $450 | 51.5 | $23,175.00 |
| Trent W. Orr (Defenders) | 1977 | $625 (2008) $650 (2009) $172.24 (fee motion) | 202.9 (2008) 165.6 (2009) 93.7 (fee motion) TOTAL: 462.2 | $250,591.39 |
| Sierra B. Weaver (Defenders) | 2001 | $350 (2008) $375 (2009) $172.24 (fee motion) | 26.8 (2008) 45.7 (2009) 8.7 (fee motion) TOTAL: 81.2 | $28,015.99 |

A.   Hourly Rates in Excess of EAJA Base Rate

The USDA argues that Plaintiffs' NEPA claim does not warrant the award of hourly rates in excess of the maximum set by the EAJA. Even if enhanced rates are justified, the USDA asserts that they should nevertheless be reduced.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

---

[3] Plaintiffs seek compensation for differing billing rates, which vary based on whether the work addressed the merits or the current fee motions. With regard to merits work, Plaintiffs seek varied rates based on the year the work was completed.

8

United States District Court
For the Northern District of California

justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  To reflect changes in the cost of living, the Ninth Circuit has set the EAJA maximum rate at $172.24 for 2009 and $172.85 for 2008.  Statutory Maximum Rates Under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 10, 2010).

To show that a rate above the statutory maximum is warranted, plaintiffs must satisfy three requirements: (1) the attorney for whom the enhanced rate is sought "must possess distinctive knowledge and skills developed through a practice specialty;" (2) "those distinctive skills must be needed in the litigation;" and (3) "those skills must not be available elsewhere at the statutory rate." Love, 924 F.2d at 1496.  "Environmental litigation is an identifiable practice specialty that requires distinctive knowledge." Id.  The USDA does not dispute that the attorneys in this case fulfill the first prong.

Plaintiffs demonstrate that their attorneys' expertise in environmental law was required in this litigation.  In the environmental context, Plaintiffs needed to demonstrate a procedural injury caused by the USDA's rulemaking.  As noted above, their standing was called into question by Summers, which the USDA described as a "novel and difficult" issue.  Opp'n to Citizens' Mot. at 7.  Summers and Citizens I, on which the Court's decision rested, addressed standing in the environmental context, and Plaintiffs were called upon to reconcile the two.  Nevertheless, the USDA contends that the attorneys' expertise was not required because "knowledge and skill relating to jurisdictional issues are

9

considered . . . 'general lawyerly knowledge and ability useful in all litigation' . . . ." Opp'n to Citizens' Mot. at 10 (quoting Pierce, 487 U.S. at 572). Although this principle may be true in the abstract, it does not apply here. The USDA cannot argue, on the one hand, that the standing question in this case was novel and then later assert that the same issue only required a "basic understanding of constitutional law." Opp'n to Citizens' Mot. at 10.

Plaintiffs also demonstrate that their NEPA claim required their attorneys' environmental expertise. Their challenge to the 2008 Rule required an understanding of the agency's prior attempts to revise the plan development rule, the potential environmental effects that would arise from the USDA's revisions, the management of the National Forest System and the congressional intent underlying the NFMA. The USDA contends that the legal questions raised by Plaintiffs' claims "turned on a philosophical interpretation about the nature of the 2008 Rule's effects . . . ." Opp'n to Citizens' Mot. at 11. Plaintiffs' showing at summary judgment demonstrates that this case entailed more than just a "philosophical" dispute. Accordingly, Plaintiffs justify the need for their attorneys' specialized skills in environmental law.

Finally, Plaintiffs provide sufficient evidence that they could not have retained attorneys with the requisite expertise at the statutory rate. See, e.g., Anderson 2d Decl. ¶ 2; Bowers Decl. ¶ 2; Fidel 2d Decl. ¶ 2; Graham Decl. ¶ 2; Greacen Decl. ¶ 2. The USDA does not offer any evidence to rebut Plaintiffs' showing. Nevertheless, the USDA asserts that Plaintiffs' declarations are

insufficient because they do not detail their efforts to obtain counsel at the base rate.  However, the USDA does not cite any authority requiring such a showing.  The USDA then points to other attorneys of similar experience who may have been available at hourly rates below those charged by Plaintiffs' counsel.  Although this may be relevant to the reasonableness of the rates charged by Plaintiffs' attorneys, it does not, on its own, demonstrate that Plaintiffs could have obtained counsel at the EAJA base rate.  Indeed, these other attorneys' hourly rates exceeded the statutory maximum, which supports Plaintiffs' position that qualified attorneys were not available at the EAJA base rate.

Accordingly, for their NEPA claim, Plaintiffs are entitled to recover attorneys' fees in excess of the EAJA statutory limit.

B.   Reasonableness of Hourly Rates for Work on Plaintiffs' Claims

Although Plaintiffs satisfy their burden to recover for hourly rates above the EAJA maximum, they must nevertheless demonstrate the reasonableness of the hourly rates charged.  See, e.g., Nadarajah v. Holder, 569 F.3d 906, 910, 916 (9th Cir. 2009) (addressing reasonableness of hourly rates for EAJA); 16 U.S.C. § 1540(g)(4) (providing that fee awards under the ESA must be reasonable).  To do so, they must prove that the requested rates are "'in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  Nadarajah, 569 F.3d at 916 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)) (editing marks omitted).  A party opposing a fee application has the burden to

United States District Court

For the Northern District of California

11

United States District Court
For the Northern District of California

present rebuttal evidence that challenges the assertions of fact and reasonableness made by the prevailing party.  <u>Nadarajah</u>, 569 F.3d at 918 (citing <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 980 (9th Cir. 2008)).

    With respect to all attorneys in this action, the USDA argues that a flat hourly rate should apply to work on the merits completed in 2008 and 2009.  As indicated above, Plaintiffs seek compensation for a $25 increase in the 2008 hourly rate for work completed in 2009.[4]  The USDA cites the Ninth Circuit's schedule of maximum EAJA rates, in which work completed in 2009 is compensated at an hourly rate marginally less than that for 2008.  Indeed, between 2008 and 2009, the consumer price index for all urban consumers (CPI-U), which courts employ to calculate cost of living increases for hourly rates, declined 0.4 percent.  U.S. Dep't of Labor, Bureau of Labor Statistics, Consumer Price Index Detailed Report Tables Annual Averages 2009, <u>available at</u> http://www.bls.gov/cpi/cpid09av.pdf.  Plaintiffs offer no argument or evidence to contradict the USDA's argument.  Accordingly, the Court finds a $25 increase between 2008 and 2009 rates to be unwarranted and will not award the higher rate.

    The USDA also makes arguments particular to the rates charged by each attorney, which are considered below.

        1.   Peter M. K. Frost

    Citizens seeks $450 per hour for the services of Peter M. K. Frost.  Mr. Frost states that he received his law degree from the

_____

    [4] Plaintiffs request the EAJA base rate for their attorneys' work on the fees and costs motions.

12

University of Oregon School of Law in 1990 and then served as a law clerk for the Oregon Court of Appeals for two years thereafter. Since then, he has worked as an attorney at several non-profit public interest firms focusing on environmental law and has worked in various capacities at Oregon law schools.  Citizens provides declarations by two attorneys, who state that Mr. Frost's requested hourly rate for work on the merits of this case is reasonable. Duggan Decl. ¶ 8; Folk Decl. ¶ 8.  The Citizens II court awarded fees based on an hourly rate of $425 for work Mr. Frost completed in that case in 2008.  Citizens for Better Forestry v. U.S. Dep't of Agriculture (Citizens II Fees), 2008 WL 5210945, at *5 (N.D. Cal.).

The USDA argues that Mr. Frost's rate should be reduced because the work he completed "would likely have been billed at a junior associate rate rather than a partner rate by a private law firm."  Opp'n to Citizens' Mot. at 14.  The agency, however, provides no evidence to support its argument.  Nor does the USDA provide the rate at which private law firms bill work performed by a junior associate.  Moreover, Mr. Frost has worked in his field for over a decade and has experience in environmental litigation.[5] A reduction to a "junior associate rate" is not warranted.

Considering the evidence, the Court finds an hourly rate of $425 for Mr. Frost's work on the merits of this case to be reasonable.  Citizens does not justify the award of a rate higher

---

[5] Indeed, the USDA later refers to Messrs. Frost, Fink, Kenna and Orr as "partner-level attorneys."  Opp'n to Defenders' Mot. at 19.

than that provided by the Citizens II court for work he performed in 2008.

    2.   Marc D. Fink

    Citizens seeks $400 per hour for the work of Marc D. Fink. Mr. Fink states that, in 1995, he received his law degree from Northwestern School of Law of Lewis and Clark College.  Between graduating from law school and 1999, he worked as a solo practitioner, representing various environmental organizations. From 1999 to 2005, he served as a staff attorney for the Western Environmental Law Center, a non-profit public interest law firm. Thereafter, until 2007, Mr. Fink worked again as a solo practitioner and served as a half-time staff attorney for Forest Service Employees for Environmental Ethics.  Since April, 2007, Mr. Fink has worked as a senior attorney with the Center for Biological Diversity, a non-profit organization.  In addition to other environmental cases, Mr. Fink worked on both Citizens I and Citizens II.  Citizens provides declarations from two attorneys, who state that Mr. Fink's rates are reasonable.  Graf Decl. ¶ 7; Isherwood Decl. ¶ 6.  The Citizens II court awarded fees based on an hourly rate of $350 for work Mr. Fink completed in that case in 2008.  Citizens II Fees, 2008 WL 5210945, at *5.

    Concerning Mr. Fink's rate, the USDA repeats the same arguments it directed at Mr. Frost.  These arguments are rejected for the reasons stated above.

    Considering the evidence, the Court finds an hourly rate of $350 for Mr. Fink's work on the merits of this case to be reasonable.  Citizens does not justify the award of a rate higher

14

than that provided by the Citizens II court for work he performed in 2008.

    3.   Matt Kenna

    Citizens seeks $450 per hour for the services of Matt Kenna. Mr. Kenna states that he received his law degree from the University of Oregon School of Law in 1992.  Between 1992 and 2005, he litigated public interest environmental issues while in private practice.  In 2005, he joined the Western Environmental Law Center, for which he worked until October, 2009.  He has litigated several environmental cases, including Summers, in which he served as lead counsel and argued before the United States Supreme Court. Citizens provides one declaration from an attorney, who states that Mr. Kenna's requested hourly rate for work on the merits of this case is reasonable.  Isherwood Decl. ¶ 6.

    The USDA argues that Mr. Kenna's hourly rate is not reasonable because his work was limited to issues concerning Plaintiffs' standing and, as a result, his rate should not exceed the EAJA maximum.  This argument was rejected above.  As an attorney who argued before the Supreme Court in Summers, Mr. Kenna had particular expertise in addressing the standing question in this action.

    Considering the evidence, the Court finds an hourly rate of $450 for Mr. Kenna's work on the merits of this case to be reasonable.

    4.   Trent W. Orr

    Defenders seeks $625 per hour for the services of Trent W. Orr.  Mr. Orr states that he received his law degree from Harvard

United States District Court
For the Northern District of California

Law School in 1977.  Since then, he has worked for and represented various organizations, including the Natural Resources Defense Council (NRDC) and Earthjustice.  While at the NRDC, he spent a significant amount of time working on issues related to the management of the National Forest System.  Mr. Orr also has served as an adjunct professor at the University of California, Berkeley, School of Law.  The Citizens II court awarded fees based on an hourly rate of $500 for work Mr. Orr completed in that case.  Citizens II Fees, 2008 WL 5210945, at *5.

James Wheaton, an attorney who has served on the Executive Committee of the State Bar of California's Environmental Section, states that "a reasonable range for 2008-2009 for Mr. Orr's work would be between $600 and $700 per hour in the San Francisco Bay Area."  Wheaton Decl. ¶ 14; see also Koehler Decl. ¶ 10 (stating that $625 is "at the lower end" of the prevailing market rates in the Bay Area for lawyers of comparable experience).  Michael Rubin, a partner with a San Francisco-based private law firm, states that his firm bills at an hourly rate of $775 for the work of a partner who specializes in environmental litigation.  Rubin Decl. ¶ 9.

The USDA argues that, because the Citizens II court concluded that a $500 rate was reasonable for work Mr. Orr performed in 2008, that rate should also apply here.  The USDA's argument is based on a faulty premise.  The Citizens II court found a $500 rate to be reasonable for worked performed by Mr. Orr over the course of his participation in the case, which spanned from 2003 to 2007.  See Citizens II Fees, 2008 WL 5210945, at *5; Orr 2d Decl. ¶ 4.  Thus, the $500 rate sheds some light into the prevailing market rate for

16

those five years. It does not, however, define the appropriate rate for 2008.

The USDA also argues that Mr. Orr should be compensated at the "junior associate rate." This argument, which the Court rejected above, applies with even less force to Mr. Orr, who has over thirty years of litigation experience.

Considering the evidence, the Court finds an hourly rate of $625 for Mr. Orr's work on the merits of this case to be reasonable.

5. Sierra B. Weaver

Defenders seeks $350 per hour for the services of Sierra B. Weaver. Ms. Weaver states that she earned her law degree from Harvard Law School in 2001. From August, 2001 to September, 2003, she worked at the Southern Environmental Law Center, dealing with administrative and environmental law matters. She then took a position with the Ocean Conservancy and worked on issues concerning the implementation and enforcement of NEPA and the ESA, among other statutes. In September, 2007, Ms. Weaver was hired by Defenders, for which she currently works as a staff attorney. Defenders provides declaration by two attorneys who state that Ms. Weaver's hourly rate was reasonable. Koehler Decl. ¶ 10; Wheaton Decl. ¶ 15.

The USDA argues that Ms. Weaver's work was limited to "reviewing, analyzing, or editing the work performed by other attorneys" and that at "no point did Ms. Weaver actually draft an original portion of these documents." Opp'n to Defenders' Mot. at 11. The agency contends that she is not entitled to a rate above

United States District Court
For the Northern District of California

the EAJA maximum because her work was so limited and did not require her "specialized skill in environmental law."  Opp'n to Defenders' Mot. at 11.

Even though Ms. Weaver may not have authored the pleadings or motion papers in this action, it does not follow that her review of and work on these documents did not require her particular knowledge of environmental law.  Ms. Weaver explains that her use of the "Review/analyze" phrase on her time records, which the USDA cites in its opposition, reflected work in which she was "reviewing, commenting on, researching, editing, and refining arguments in a document" of which she was not the author.  Weaver 2d Decl. ¶ 3.  It appears that Ms. Weaver, as an attorney reviewing, editing and refining documents in an action involving environmental law, applied her specialized knowledge of this field.  The USDA offers no evidence to rebut this reasonable inference and Defenders' evidentiary showing.

Considering the evidence, the Court finds an hourly rate of $350 for Ms. Weaver's work on the merits of this case to be reasonable.

C.   Number of Hours Billed for Work on Plaintiffs' Claims

The USDA objects to the number of hours for which Plaintiffs request payment, asserting that some of the hours billed were for duplicative work or non-compensable clerical and administrative tasks.  The USDA also complains that Plaintiffs' attorneys engaged in impermissible block-billing.

Plaintiffs proffer the declarations of their attorneys, most of whom state that they exercised billing judgment and in good

18

United States District Court
For the Northern District of California

faith omitted time that was arguably non-compensable.  Frost Decl.
¶¶ 8-9; Kenna Decl. ¶ 7; Orr Decl. ¶¶ 20-22 (addressing hours
billed by him and Ms. Weaver).  In addition, several other
attorneys reviewed the time records of Plaintiffs' counsel and
state that the hours billed reflect a reasonable expenditure of
time.  Duggan Decl. ¶ 9 (Frost); Folk Decl. ¶ 9 (Frost); Isherwood
Decl. ¶ 5 (Fink and Kenna); Koehler Decl. ¶ 12 (Orr and Weaver).
In response to the USDA's objections, Plaintiffs' attorneys
reviewed their records again, provided additional detail and
omitted time where appropriate.

     Courts should grant deference to the billing judgment of the
prevailing party's attorneys.  Nadarajah, 569 F.3d at 922.  "If
opposing counsel cannot come up with specific reasons for reducing
the fee request that the district court finds persuasive, it should
normally grant the award in full, or with no more than a [ten
percent reduction]." Moreno v. City of Sacramento, 534 F.3d 1106,
1112, 1116 (9th Cir. 2008); see also Nadarajah, 569 F.3d at 920.
As explained below, some of the objections raised by the USDA are
well-taken, although most are justified neither in law nor in fact.

          1.  Citizens

               a.  Work on Complaint

     The USDA argues that the fourteen hours billed by Messrs.
Frost and Fink for work on the complaint was excessive,
particularly because many of the factual allegations contained in
Plaintiffs' operative complaint were similar to those contained in
the Citizens II pleading.  However, Citizens revised its original
pleading twice, and the USDA offers no reason to believe that these

                              19

**United States District Court**
For the Northern District of California

revisions were unnecessary.  Accordingly, the Court finds the number of hours expended on the complaint to be reasonable.

### b.   Research

The USDA objects to the number of hours billed for research, arguing that some of the topics examined by Messrs. Frost and Fink are inconsistent with their claims that they are experienced attorneys who deserve enhanced billing rates.  The USDA also complains that Messrs. Frost and Fink expended an excessive amount of time researching Plaintiffs' standing, even though it acknowledges that this raised a novel and difficult question.  As the opposing party, the USDA must provide argument or evidence to persuade the Court that these hours were unnecessary; the agency does not do so.

In the alternative, the USDA contends that the billing rates for research should be "reduced to reflect the fact that such time would not normally be billed to a private client at a high rate." Opp'n to Citizens' Mot. at 18 n.11.  However, the USDA fails to offer any authority that requires a court to impose varied billing rates for a single attorney that depend on the task completed.

The hours for research billed by Citizens' attorneys appear reasonable and are awarded as requested.

### c.   Conferencing and Communication

The USDA challenges the hours billed by Messrs. Frost, Fink and Kenna for conferences and communication among the three attorneys, contending that the Court should disallow the hours worked by Messrs. Fink and Kenna and bill the time only once at Mr. Frost's rate.  However, the USDA offers no authority or evidence to

20

**United States District Court**
For the Northern District of California

suggest that these attorneys' conferencing was excessive.  Indeed, the Ninth Circuit has suggested that, to demonstrate the excessiveness of hours requested, an opposing party could present evidence of how long its attorneys spent doing the same task.  See, e.g., Democratic Party of Wash. v. Reed, 388 F.3d 1281, 1287 (9th Cir. 2004); Chalmers v. City of L.A., 796 F.2d 1205, 1214 (9th Cir. 1986).  The USDA did not make such a proffer.

Having reviewed the time records, the Court finds the time expended on these tasks reasonable.

d.    Work Billed by Mr. Kenna

The USDA argues that Mr. Kenna was not necessary to this action and that Citizens should not recover fees for any of the hours he billed.  The agency also complains that Mr. Kenna duplicated Messrs. Frost and Fink's efforts "on the Summers issue," which was unnecessary.  Opp'n to Citizens' Mot. at 20.

The USDA's objections are not well-taken.  Citizens retained Mr. Kenna after the USDA raised jurisdictional arguments in its motion for summary judgment.  Indeed, as the USDA acknowledges, these issues were complicated by Summers, with which Mr. Kenna had particular expertise as lead counsel in that case.  Therefore, the Court is not persuaded that hiring Mr. Kenna constituted unnecessary overstaffing or that the hours he billed were unreasonable.

e.    Assistance for Oral Argument

The USDA challenges the billing of time spent by Messrs. Fink and Kenna in preparing Mr. Frost for oral argument.  The agency also objects to time billed by Mr. Fink for attending the hearing

21

United States District Court
For the Northern District of California

on the parties' summary judgment motions.

Although only Mr. Frost argued on behalf of Citizens during the hearing, this fact does not justify disallowing the time billed by Messrs. Fink and Kenna. Attorneys may bill time spent preparing another attorney for argument and attending the hearing itself, even if they do not argue before the court. Democratic Party, 388 F.3d at 1286-87. Given the nature of this case, the assistance provided by Messrs. Fink and Kenna was not unnecessarily duplicative. Further, the USDA provides no evidence or argument that Mr. Fink's presence at the hearing was not needed. Accordingly, the numbers of hours billed for these activities are compensated.

>                    f.   Mr. Frost's Work on Summary Judgment Motion

The USDA argues that, given his claimed level of expertise, Mr. Frost should not have expended fifty hours on the summary judgment briefs. The agency contends that Mr. Frost should have been more efficient, particularly given the "relatively simple task of preparing pleadings." Opp'n to Citizens' Mot. at 21. In particular, the USDA objects to Mr. Frost's third reading of its summary judgment brief.

These arguments do not offer a firm basis on which to second-guess Mr. Frost's billing judgment. As the Ninth Circuit has stated, "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." Moreno, 534 F.3d at 1112. Although the USDA contends that Mr. Frost should have expended less time on the

1  matter, it offers no reason to believe that the amount of time

2  actually spent was not reasonable.

3              g.   Clerical and Administrative Matters

4      The USDA objects to time billed for clerical and

5  administrative tasks.  Such tasks, which include calendaring,

6  docketing and organizing documents, are not compensable legal work.

7  Nadarajah, 569 F.3d at 906; Davis v. City & County of S.F., 976

8  F.2d 1536, 1543 (9th Cir. 1992), vacated in part on other grounds

9  at 984 F.2d 345 (9th Cir. 1993).

10     Because they were billed for clerical tasks, the following

11  amounts are subtracted from Mr. Frost's total: 0.3 of an hour for

12  scheduling a conference call (3/24/2009), 0.1 of an hour for

13  refiling documents (4/6/2009), and 0.1 of an hour for filing

14  documents (5/28/2009).  With regard to Mr. Fink, the following

15  amounts are disallowed: 0.1 of an hour for downloading documents

16  (3/28/2008), 0.1 of an hour for filing documents (7/23/2008), and

17  0.5 of an hour for organizing documents (3/30/2009).  In sum, the

18  Court disallows 0.5 of an hour for Mr. Frost and 0.7 of an hour for

19  Mr. Fink.

20              h.   Block Billing

21     The USDA identifies two entries, which it contends reflect

22  block billing.  It cites a December 3, 2008 entry by Mr. Fink for

23  3.9 hours spent on "Edits and review - draft SJ brief; and related

24  emails and calls with Pete, Sierra and Trent."  Fink 2d Decl., Ex.

25  A at 3.  It also refers to 4.5 hours billed by Mr. Kenna on April

26  1, 2009 for "Prep Pete Frost for argument-read briefs, write memo."

27  Kenna Decl., Ex. A at 1.

28                                23

United States District Court
For the Northern District of California

Block billing is a time-keeping method where an attorney enters the total daily time spent working on a case, rather than itemizing the time spent on a specific task.  Mendez v. County of San Bernardino, 540 F.3d 1109, 1129 n.2 (9th Cir. 2008).  It can be appropriate to disallow recovery for up to twenty percent of the hours that are block-billed.  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

The entries identified by the USDA do not constitute block billing; they sufficiently specify the tasks for which the hours were billed.  In any event, the tasks billed in these entries do not appear non-compensable or unreasonable.  Thus, the reduction sought by the USDA is not necessary.

2.   Defenders

a.   Work on Complaint

The USDA contends that the approximately forty hours billed by Mr. Orr and Ms. Weaver for work on the complaint is excessive, particularly when compared to the fourteen hours billed by Messrs. Frost and Fink.  In addition, the USDA points out that many of the factual allegations contained in Defenders' operative complaint are similar to those in the pleadings filed in the organization's challenge to the 2005 Rule.

The Court is not convinced that it was necessary for Mr. Orr and Ms. Weaver to expend more than two-and-one-half times the number of hours spent by Citizens' attorneys.  It is true that the Citizens II court found fifty hours a reasonable amount of time for work on the pleadings; however, this amount reflected a reduction from the 220.6 hours claimed by Defenders in that action.

24

Moreover, it is not apparent that the complaint before the <u>Citizens II</u> court had factual allegations made in an earlier pleading, as is the case here.  It is also notable that Defenders revised its pleadings only once, whereas Messrs. Frost and Fink revised the Citizens' complaint twice.

Although Defenders' operative complaint contains more information than that of Citizens, which may have entailed more work, the amount of time Messrs. Frost and Fink spent on Citizens' complaint suggests that some of the hours claimed by Mr. Orr and Ms. Weaver should be disallowed.  Given that many of the allegations were similar to those made in Defenders' earlier complaint, the Court finds approximately twenty hours to be a reasonable amount of time to draft Defenders' pleadings in this case.  Accordingly, the number of hours claimed by Mr. Orr and Ms. Weaver for work on Defenders' pleadings is reduced by approximately half; 18.1 and 1.9 hours of Mr. Orr's and Ms. Weaver's totals respectively will be disallowed.

                    b.   Case Management Plan and Sixty-Day Notice
                         Letter

The USDA objects to 8.0 hours spent by Mr. Orr on composing a case management plan and to 18.4 hours he expended on drafting a sixty-day notice letter.  The agency, however, provides only a conclusory argument that this time was unreasonable.  Accordingly, the amount of time claimed by Mr. Orr for these tasks will be compensated.

                    c.   Communication and Status Updates

The USDA contends that Mr. Orr and Ms. Weaver spent an

25

"exorbitant" amount of time on communication and status updates. Opp'n to Defenders' Mot. at 16.  However, the USDA offers no evidence or argument to rebut Defenders' showing or guide any disallowance of the number of hours claimed by Mr. Orr or Ms. Weaver.  Therefore, the Court does not disallow any hours spent on these tasks.

### d.   Excessive Hours on Substantive Briefs

The USDA argues that Defenders' attorneys devoted an unreasonable number of hours of work to Plaintiffs' summary judgment briefs.  In particular, the USDA notes that Mr. Orr expended approximately 136 hours of work on the briefs, in comparison to Messrs. Frost, Fink and Kenna, who spent 80, 73 and 44 hours respectively.

The USDA repeats its argument that, because of their claimed expertise in environmental law, Defenders' attorneys should have been more efficient and spent less time on their work.  However, for comparative evidence, the USDA points only to the time records of Citizens.  Combined, Citizens' attorneys expended approximately 197 hours of work on the summary judgment briefs, whereas Mr. Orr and Ms. Weaver spent 162.1 hours in total.  This comparison does not suggest that Defenders' attorneys billed an unreasonable amount of time.  Further, Mr. Orr states that he conducted the final edit of all of Plaintiffs' briefs, which, in part, explains an individual total greater than that of the other attorneys.

The Court is not persuaded that a disallowance of the time claimed for these tasks is required.

United States District Court
For the Northern District of California

1              e.    Duplicative Communication

2        The USDA argues that Mr. Orr and Ms. Weaver billed an

3   excessive number of hours for conferences and communication.  It

4   asserts that these tasks should be billed only once and at Mr.

5   Orr's rate.  The Court rejects this argument for the reasons stated

6   above.

7        Having reviewed the time records, the Court finds the time Mr.

8   Orr and Ms. Weaver expended on these tasks to be reasonable.

9              f.    Work Billed by Ms. Weaver

10       The USDA asserts that Ms. Weaver's work was duplicative and

11  unnecessary to this litigation.  It notes that "four partner-level

12  attorneys" were already staffed on this case, which it argues

13  should have obviated the need for Ms. Weaver.  Opp'n to Defenders'

14  Mot. at 19.

15       Although a significant portion of her work was limited to

16  reviewing and editing the work of the other attorneys, it is not

17  clear that Ms. Weaver's participation was unnecessary.  Further,

18  the USDA's count of "partner-level attorneys" in this consolidated

19  case is misleading.  Ms. Weaver was one of two attorneys

20  representing Defenders, and the USDA does not persuade the Court

21  that staffing by two attorneys was unreasonable.  And because she

22  was Mr. Orr's sole co-counsel, it was not unnecessarily duplicative

23  for Ms. Weaver to assist in the preparation for and attend the

24  summary judgment hearing.

25       The USDA also complains about time billed by Ms. Weaver for

26  "post-judgment hours spent on matters not related to the

27  litigation."  Opp'n to Defenders' Mot. at 20.  In particular, the

28                              27

United States District Court
For the Northern District of California

USDA objects to time billed for research and drafting internal
memoranda on which regulations would apply after the Court's
decision.  After judgment entered, Ms. Weaver billed approximately
twelve hours on matters not related to Defenders' fee application.
Although it may be necessary to communicate to clients about the
effects of a court's order, work concerning future strategy --
unrelated to the specific case at issue -- should not be billed to
the losing party.  Accordingly, the Court disallows 7.7 hours of
Ms. Weaver's total for work that does not appear necessary to this
litigation.

g.   Clerical and Administrative Matters

The USDA complains that Mr. Orr and Ms. Weaver billed time for
non-legal tasks.  In response, Defenders omitted eleven hours of
Mr. Orr's work.

After reviewing Mr. Orr's revised time records, the Court
makes two additional deductions: 0.2 of an hour for an email
exchange regarding "copies of the record for co-counsel"
(8/21/2008) and 0.1 of an hour downloading (1/11/2009).  Because
Mr. Orr suggests that work on a "New Matter Form" was
administrative in nature, Orr 2d Decl. ¶ 5, 3.5 hours for work on
the same (3/12/2008 and 3/26/2008) are subtracted from Ms. Weaver's
total.

h.   Block Billing

The USDA asserts that two of Mr. Orr's entries reflect
impermissible block billing.  A review of these entries, however,
shows them to be sufficiently detailed.  Morever, none of the tasks
identified in these entries appears non-compensable or

28

**United States District Court**
For the Northern District of California

1  unreasonable.   Accordingly, no disallowance is based on block
2  billing.

3         D.   Fees for Work on Fee Applications

4         The USDA complains that Plaintiffs should not be compensated
5  for time expended on their fee applications because the fees
6  requested were unreasonably inflated.   However, the fees Plaintiffs
7  requested were not reduced by amounts that suggest that their
8  initial demands were frivolous.   Accordingly, Plaintiffs are
9  entitled to fees for their attorneys' work on the current motions.

10        The USDA complains about particular time entries by Messrs.
11 Frost and Fink.   After a review of the time records, the Court
12 makes three deductions from Mr. Frost's total: 0.1 of an hour for
13 formatting time records (7/22/2009), 0.1 of an hour for filing
14 motions (9/24/2009), and 0.3 of an hour for emails concerning
15 scheduling (2/11/2010).   From Mr. Fink's total, two deductions are
16 made: one hour for gathering, reviewing and calculating hours
17 (7/7/2009); and 0.2 of an hour for gathering costs (8/27/2009).

18        Although the USDA does not object to the billing for
19 Defenders' fee motion, the Court notes that Mr. Orr and Ms. Weaver
20 expended over twice the time spent by Messrs. Frost and Fink.
21 There is no apparent reason for this substantial difference.   Both
22 Citizens and Defenders had two attorneys working on their fee
23 motions.   And, unlike with the briefs on the merits, Mr. Orr did
24 not have editing responsibility over Plaintiffs' fee applications.
25 Taking into account the number of hours expended by Citizens'
26 attorneys, the Court concludes that fifty-four hours is a
27 reasonable amount of time for work on Defenders' fee motion.   To

28                                    29

reflect this deduction of approximately forty-eight percent, 44.2 and 4.2 hours are subtracted from Mr. Orr's and Ms. Weaver's totals respectively.

The USDA agrees that the Ninth Circuit's 2009 EAJA base hourly rate of $172.24 is appropriate for work on the fee motions. Accordingly, the Court awards fees at this rate.

III. Costs

The USDA does not challenge the amount of costs and other expenses Plaintiffs seek. Accordingly, for costs and other expenses, Citizens and Defenders are awarded $3,128.40 and $2,408.90 respectively.

IV. Summary

The tables below summarize Citizens' and Defenders' awards.

A.   Citizens

| Attorney | Hours Claimed | Hours Deducted by Court | Total Hours | Hourly Rate | Total |
|---|---|---|---|---|---|
| Frost merits fees | 212.7 50.0 | 0.5 0.5 | 212.2 49.5 | $425.00 $172.24 | $90,185.00 $8,525.88 |
| Fink merits fees | 127.1 5.8 | 0.7 1.2 | 126.4 4.6 | $350.00 $172.24 | $44,240.00 $792.30 |
| Kenna | 51.5 | 0.0 | 51.5 | $450.00 | $23,175.00 |
| Costs and Other Expenses | | | | | $3,128.40 |
| TOTAL AWARD | | | | | $170,046.58 |

//
//
//
//

United States District Court
For the Northern District of California

B.   Defenders

| Attorney | Hours Claimed | Hours Deducted by Court | Total Hours | Hourly Rate | Total |
|---|---|---|---|---|---|
| Orr<br>        merits<br>        fees | 368.5<br>93.7 | 18.4<br>44.2 | 350.1<br>49.5 | $625.00<br>$172.24 | $218,812.50<br>$8,525.88 |
| Weaver<br>        merits<br>        fees | 72.5<br>8.7 | 13.1<br>4.2 | 59.4<br>4.5 | $350.00<br>$172.24 | $20,790.00<br>$775.08 |
| Costs and Other Expenses | | | | | $2,408.90 |
| **TOTAL AWARD** | | | | | $251,312.36 |

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Citizens' and Defenders' motions for attorneys' fees and costs. (Docket No. 88 and 119.) Citizens is awarded a total of $170,046.58: $157,600.00 for its attorneys' work on the merits, $9,318.18 for their work on this motion and $3,128.40 in costs and other expenses. Defenders is awarded a total of $251,312.36: $239,602.50 for its attorneys' work on the merits, $9,300.96 for their work on this motion and $2,408.90 in costs and other expenses. The USDA shall pay these amounts forthwith.

IT IS SO ORDERED.

Dated: August 13, 2010

_____
CLAUDIA WILKEN
United States District Judge

31